UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

JIMMY L. GETTINGS,

        Defendant.

CASE NO. CR. S-00-535 WBS

ORDER

----oo0oo----

      On April 3, 2006, defendant Jimmy L. Gettings filed a letter requesting an evidentiary hearing for the purpose of proving that the testimony of a government witness at trial was false.  Specifically, he sought to create a video and audio recording of his victim's testimony, which he contended would "conclusively" show that, when considered in light of other evidence, her story was "impossible."  Following the court's order of April 5, 2006 rejecting defendant's request, defendant filed a "Motion to Reopen Case and Hold Evidence Hearing" in which he restated, almost verbatim, the arguments made in his April 3rd Letter.  That motion for an evidentiary hearing is now before the court.

1

Defendant has again failed to identify any source for the court's authority to conduct such a hearing. The final judgment entered by this court on February 13, 2002 was affirmed by the Ninth Circuit Court of Appeals on September 17, 2003. Defendant's petition for relief pursuant to 28 U.S.C. § 2255 was denied on January 12, 2004, and on February 27, 2004, this court granted a certificate of appealability on his claim of ineffective assistance of counsel. The Court of Appeals subsequently affirmed the judgment of this court on December 9, 2004. Additionally, on October 10, 2003, while defendant's § 2255 petition was pending before this court, the undersigned ordered that defendant's supervised release be terminated.

In light of these events, the court cannot now entertain defendant's motion as a § 2255 motion because (1) he is no longer in custody and (2) he already made the same argument in his first § 2255 petition, making the present motion at best a successive habeas petition that cannot be heard without approval from the Ninth Circuit. See 28 U.S.C. § 2255 (describing circumstances under which "a prisoner in custody" "may move the court which imposed the sentence to vacate, set aside or correct the sentence" (emphasis added)); Id. (requiring that "second or successive motion[s] . . . be certified . . . by a panel of the appropriate court of appeals").

Similarly, an evidentiary hearing cannot be justified as part of the court's consideration of a writ of error coram nobis. The court is authorized to issue such a writ where, as here, an individual seeks to attack his conviction after he has been released from custody. 28 U.S.C. § 1651(a) (All Writs Act);

2

United States v. Mett, 65 F.3d 1531, 1534 (9th Cir. 1995). "Specifically, 'the writ provides a remedy for those suffering from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact' and 'egregious legal errors'" which are so fundamental "that the proceeding itself is rendered 'invalid' . . . ." Estate of McKinney ex rel. McKinney v. United States, 71 F.3d 779, 781-82 (9th Cir. 1995) (quoting United States v. Walgren, 885 F.2d 1417, 1420 (9th Cir. 1989) (quoting Yasui v. United States, 772 F.2d 1496, 1498, 1499 & n.2 (9th Cir. 1985)); Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)) (internal quotation marks omitted, alterations in original).

     To qualify for relief pursuant to such a writ, the moving individual must show that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." United States v. McClelland, 941 F.2d 999, 1002 (9th Cir. 1991) (quoting Hirabayashi, 828 F.2d at 604). The Ninth Circuit has described such relief as "extraordinary" and noted that it is "rarely-used." McKinney, 71 F.3d at 782; Mett, 65 F.3d at 1534. Additionally, when sought after a failed collateral attack that would be subject to the certificate of appealability ("COA") requirement in 28 U.S.C. § 2253(c)(1)(B), the COA requirement applies to the writ. United States v. Kwan, 407 F.3d 1005, 1010 (9th Cir. 2005).

     Given these requisites, defendant's motion is

inadequate in several respects.  First, defendant cannot show that valid reasons existed for not attacking his conviction earlier because he <u>already</u> attempted to attack his conviction with a § 2255 petition.  The court's inability to locate any case where a defendant was permitted to use the writ of error <u>coram nobis</u> to revisit arguments previously rejected by the district court in a prior habeas petition further supports the court's understanding that the writ cannot be used to give defendants a proverbial second bite at the apple. See <u>Telink, Inc. v. United States</u>, 24 F.3d 42, 45 (9th Cir. 1994) (noting that "[t]he petition fills a very precise <u>gap</u> in federal criminal procedure" by affording a means of relief to those who cannot file a § 2255 petition because they are no longer in custody (emphasis added)); <u>Tillitz v. United States</u>, Nos. CR94-5074, CR89-88, 2005 WL 2921957, at *8 (W.D. Wash. Nov. 3, 2005) (denying relief by common law writ when defendant had already filed a § 2255 petition because under such circumstances, there are "no gaps to fill in the post-conviction remedies").

   Second, defendant has not identified any lingering collateral consequences of his allegedly unconstitutional or unlawful conviction that might support the writ.  Indeed, his motion is silent as to his motivations for challenging his conviction several years after his release and well after the Ninth Circuit affirmed this court's denial of his § 2255 petition.

   Third, he has not described a "fundamental" factual or legal error that occurred in his case.  He simply proposes to make a video that might impugn the credibility of his victim's

4

testimony if it can be shown that it was "physically impossible" for the relevant events to have transpired in the way she described them.  The jury that found defendant guilty was already afforded an opportunity to choose between defendant's account of the incident and his victim's account, and it found the victim's story more credible.  Defendant's "new evidence", assuming it would even be admissible, would not conclusively show what happened on May 11, 2000.  Instead it might, at best, make defendant's version of the events more persuasive.  Defendant's failure to make a more convincing demonstration at trial is not, however, a <u>factual</u> error that this court is compelled to correct.

        Finally, defendant failed to secure a COA for his physical impossibility argument, which was one of the several grounds for his § 2255 petition.  He cannot now circumvent that requirement.  <u>United States v. Morgan</u>, 346 U.S. 502, 505 n.4 (1954) (noting that a motion for a writ of error <u>coram nobis</u> "is of the same general character as one under 28 U.S.C. § 2255"); <u>Kwan</u>, 407 F.3d at 1010.  Defendant has already argued that his victim testified falsely and that the government knew or should have known that her testimony was false, given that her story was "physically impossible."  (Jan. 9, 2004 Order 2; Pet.'s Resp. to Gov't Answer to 2255 Pet. 15.)  After carefully considering those arguments, the court determined that he had not shown that the testimony was false.  (Jan. 9, 2004 Order 2.)  Consequently, the burden was on defendant to secure a COA to challenge that decision.  He cannot bypass this requirement now by resorting to a writ of error <u>coram nobis</u>.

///

IT IS THEREFORE ORDERED that defendant's request for an evidentiary hearing be, and the same hereby is, DENIED.

DATED: June 28, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE